IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD COE, LINDA SMITH, and EDWARD YOST, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br><br>CROSS-LINES RETIREMENT CENTER, INC., and YOUNG MANAGEMENT CORP.,<br><br>*Defendant.* | Case No. 22-2047-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Defendants Cross-Lines Retirement Center, Inc. ("Cross-Lines")'s and Young Management Corp. ("Young")'s Motion for Reconsideration (Doc. 180) of this Court's order excluding part of their expert's testimony at the class certification stage of the case. Through their Motion, Defendants seek to admit David Poplin's testimony regarding tenant cooperation in combating bedbug infestations at Cross-Lines' apartment complexes. Because the opinion of Defendants' expert is irrelevant to this Court's decision to issue class certification, the Court denies Defendants' Motion as moot.

I.      **Factual and Procedural Background**

Each of the named Plaintiffs, two septuagenarians and one octogenarian, rent residential apartments in apartment complexes owned by Cross-Lines and operated by Young, Cross-Lines' property manager.  Cross-Lines is a nonprofit corporation, having as its goal the provision of rental housing to elderly families and individuals.  Because of its nonprofit status, Cross-Lines receives federal subsidies to purportedly allow it to offer lower rent.

The facts underlying Plaintiffs' claims are fairly straightforward.  As colorfully stated in Plaintiffs' Complaint, the apartments' neglected conditions leave "elderly and disabled tenants captive to bed-bug infestations, decaying rodent bodies, flooding, leaking, and mold."  After Defendants successfully moved to dismiss two of Plaintiffs' claims, seven remain: (1) injunctive relief; (2) violations of the Fair Housing Act ("FHA"); (3) violation of the implied warranty of habitability; (4) breach of contract and statutory duty; (5) failure to provide essential services; (6) negligence; and (7) violation of the Kansas Consumer Protection Act.

Plaintiffs sought and received class certification on five of their proposed class issues, namely:

> 1.      Did Defendants breach their standard of care by not requiring, and enforcing, the pest control companies to perform surrounding-unit inspections whenever a unit is found to have bed bugs?
>
> 2.      Did Defendants breach their standard of care by refusing, or failing, to perform a full-building inspection of all units (Phase I and Phase II) at the same time?
>
> 3.      Does the presence of bed bugs in an apartment make that unit unsafe, unsanitary, and/or unfit for living in?
>
> 4.      Can an apartment which has bed bugs have an above-zero fair market value?

5.   Are extermination services "essential" for an apartment unit in a multi-family housing structure when an adjacent unit has live bed bug activity? If yes, what services are "essential" (i.e., inspection, treatment, etc.)?

Concurrent with their motion for class certification, Plaintiffs filed a motion to exclude the expert testimony of Defendants' proffered bedbug expert, David Poplin. The Court ruled on this motion prior to the order certifying Plaintiffs' issue class. The Court largely denied Plaintiff's motion to exclude, but did exclude Poplin's testimony regarding tenant cooperation at Cross-Lines. The Court specifically noted that its decision regarding the admissibility of Poplin's testimony was limited to the class certification stage and had no bearing on the ultimate admissibility of such testimony at trial.

In partially granting Plaintiffs' motion for class certification, the Court neither mentioned nor relied on tenant cooperation or the lack thereof. Thus, Poplin's excluded testimony on this subject was wholly irrelevant to the Court's ruling.

Defendants have now moved for reconsideration of this Court's order excluding Poplin's testimony at this stage in the case. Plaintiffs naturally oppose this Motion.

## II.    Legal Standard

The Court has discretion whether to grant a motion to reconsider.[1] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[2] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not

---

[1] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

interchangeable.[3] A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[4] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[5] Local Rule 7.3 further restricts this requirement, requiring motions to reconsider to be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[6] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[7] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[8]

### III.    Analysis

At the class certification stage, any conclusion about the admissibility of expert testimony "is not finally determinative of the admissibility of the expert's testimony at a trial on the merits."[9] Accordingly, the ultimate admissibility of Poplin's testimony for trial was not at issue before the Court in its prior order. Rather, the issue was whether Poplin's testimony was admissible solely

---

[3] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[4] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[5] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[6] D. Kan. Local R. 7.3.

[7] *Voelkel*, 846 F. Supp. at 1483.

[8] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[9] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2019 WL 1569294, at *4 (D. Kan. 2019).

for the purposes of class certification.  The Court in ruling on Defendant's Motion is restricted to addressing the same issue.

Defendants appear to have overlooked this entirely, even though the Court quoted the same language as above in its prior order.  It should be noted that Defendants do not move for reconsideration of this Court's order granting class certification.  Therefore, admitting Poplin's testimony regarding tenant cooperation *for the sole purpose of deciding whether to certify the already-certified class* would be pointless.  As such, Defendants' Motion is both meaningless and moot.  Even if Defendants had moved for reconsideration of the class certification based on Poplin's excluded testimony, the Court notes that Poplin's testimony about tenant cooperation was irrelevant to this Court's decision to grant class certification.  Thus, Defendants cannot possibly prove clear error or manifest injustice as required to prevail on a motion for reconsideration in this Court.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 180) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE