**FILED**
U.S. District Court
District of Kansas

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JUL 29 2024**

Clerk, U.S. District Court
By_____ Deputy Clerk

DONALD COE, LINDA SMITH, and )
EDWARD YOST, on behalf of themselves )
and other similarly situated, )
     )
    Plaintiffs, )
     )
v. )        Case No. 22-CV-2047-EFM-ADM
     )
CROSS-LINES RETIREMENT )
CENTER, INC. and YOUNG )
MANAGEMENT CORP., )
     )
    Defendants. )

## MEMORANDUM AND ORDER ON MOTION FOR FINAL APPROVAL

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Doc. 222). The named Plaintiffs—Donald Coe, Linda Smith, and Edward Yost—have reached a settlement agreement with Defendants Cross-Lines Retirement Center, Inc. ("Cross-Lines") and Young Management Corp. ("Young"). On April 26, 2024, this Court preliminarily found that the class settlement was fair, adequate, and reasonable and should be approved. The Court preliminarily certified the settlement class, appointed Plaintiffs as class representatives, appointed Plaintiffs' counsel as class counsel, and approved the Notice to the proposed settlement class. Finally, the Court set a Fairness Hearing for July 29, 2024, whereby class members would have an opportunity to address the fairness of the proposed settlement or object to the same. On July 29, 2024, this Court held a Fairness Hearing at 10:00 a.m. in U.S. Courthouse, Courtroom 427, Kansas City, Kansas. Present at this hearing were counsel for Plaintiffs, Bryce B. Bell, Jenilee V. Zentrich, Jeffrey M. Lipman, and Amy Sweeny Davis, and counsel for Defendants, Brian Fries. At this Hearing, there were no objections or other

communications challenging the fairness of the class settlement. At this Hearing, the Parties moved this Court to grant final approval of the class settlement.

Plaintiffs now seek this Court's final approval of the settlement. The court has considered the parties' papers, relevant legal authority, the arguments made by the parties in favor of the settlement, and the record in this case. For the reasons set forth below, the Court certifies the proposed settlement class and approves the proposed settlement under Rule 23. Because the Court finds the settlement is fair, reasonable, and adequate, it grants Plaintiffs' Unopposed Motion for Final Approval.

## I.      Legal Standard

Federal Rule of Civil Procedure 23(e) authorizes a court to approve a class action settlement after notice, a hearing, and "on finding that [the settlement] is fair, reasonable, and adequate." Tenth Circuit courts determine whether a proposed settlement is fair, reasonable, and adequate by considering:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the

litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future

relief

after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.[1]

These inquiries do not require the court to "conduct a foray into the wilderness in search of evidence that might undermine the conclusion that the settlement is fair."[2] But the court also may not "rely

---

[1] *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir.2002) (quoting *Gottlieb v. Wiles,* 11 F.3d 1004, 1014 (10th Cir.1993), *abrogated on other grounds by Devlin v. Scardelletti,* 536 U.S. 1 (2002)).
[2] *Gottlieb,* 11 F.3d at 1015.

solely upon the assertions of the proponents of the settlement as to what the evidence shows."[3] Rather, the court must undertake an independent analysis of "the evidence *before* it" to reach its conclusion.[4] The proponents of the settlement bear the burden to provide sufficient evidence to enable the court to conclude that the settlement is fair.[5]

## II.   Analysis

### a.  The Proposed Class

Rule 23(a) requires the proposed representative plaintiffs to show: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Here, the parties agree that the class includes 350 individuals. Further, the settlement includes injunctive relief remedies, a factor which courts deem to favor finding numerosity. Considering the size of the class and that joinder is not practicable, the Court finds that Plaintiffs have shown numerosity under Rule 23(a)(1).

To establish commonality of issues, plaintiffs must show that a "common contention [is] of such a nature that it is capable of classwide resolution."[6] In other words, "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[7] As such, the emphasis of Rule 23's commonality requirements is not the existence of "common *questions*" but rather whether those common questions would result in "common *answers* apt to drive the resolution of the litigation."[8] The inquiry here is not "whether common

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Naylor Farms, Inc. v. Chaparral Energy, LLC*, 923 F.3d 779, 789 (10th Cir. 2019) (further citation and quotations omitted).
[7] *Id.* (further citation and quotations omitted).

3

questions predominate, but in order to determine (as Rule 23(a)(2) requires) whether there is even a single common question."[9] Here, the Court finds that the same questions which previously formed the bases for the issue classes now establish the commonality requirement under Rule 23(a)(2).

Under Rule 23(a)(3), plaintiffs must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." The Court previously found that the certified class issues were typical of all class members. As nothing has changed since then, the typicality standard is, again, met.

The final element under Rule 23(a) asks whether the named plaintiffs "will fairly and adequately protect the interests of the class." Here, the Court finds that Plaintiffs are adequate representatives of the class's interest, and counsel has also demonstrated that they are "competent and sufficiently experienced to vigorously prosecute the action on behalf of the class."[10]

Here, because Plaintiffs seek to certify their class under Rule 23(b)(3), they must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Court finds the questions proposed by Plaintiffs relating to liability and standard of care heavily predominate over individualized questions of damages. Moreover, many of the injuries suffered by Plaintiffs and the settlement class members are common, e.g., overpaying rent given the uninhabitable conditions and personal injury from the bed bugs, including bites and scarring. Further, it is clearly more efficient to determine the appropriate standard of care and Defendants' breach of that standard in

---

[8] *Id.* (emphasis in original) (further citation and quotations omitted).
[9] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011).
[10] *Zapata v. IBP, Inc.*, 167 F.R.D. 147, 161 (D. Kan. 1996).

one fell swoop—rather than deciding those issues hundreds of times. Thus, by certifying the class, the Court not only conserves judicial resources but the parties' resources as well.

This Court finds that Plaintiffs have met the requirements of Rule 23(a) and 23(b)(3). Therefore, the Court certifies the settlement class, appoints named Plaintiffs as class representatives, and appoints Plaintiffs' counsel as counsel for the settlement class.

### b.  The Proposed Settlement

The evidence presented to this Court supports approval of the settlement. First, the Court has no reason to believe the parties did not fairly and honestly negotiate the settlement. The settlement is the result of three days mediation plus additional months of negotiation. Nothing in the settlement itself, the parties' briefing, or the history of this case suggests impropriety or dishonesty. The parties engaged in time-consuming discovery, including the exchange and review hundreds of documents. The parties aggressively litigated the issue of class certification. The settlement does not preferentially favor the named Plaintiffs and appears to be the product of serious, informed, non-collusive negotiations.

Second, serious questions of law and fact exist, which place the ultimate outcome of the litigation in doubt.

Third, the value of an immediate recovery heavily outweighs the mere possibility of future relief after protracted and expensive litigation. This is particularly true because the settlement includes injunctive relief to remedy the ongoing issues at Cross-Lines' apartments. The Parties have already begun implementing the injunctive remedies as agreed in the settlement. Under the settlement, class members will receive compensation of approximately $200[11] for each month they resided at the Cross-Lines Retirement Center during the time period

---

[11] This number was calculated after deducting anticipated attorneys' fees, litigation expenses, service awards, administration and notice costs, and pest control services costs.

of September 1, 2016 through December 31, 2023. This means that class members who resided at Cross-Lines during the entire class period will receive approximately $17,500. Absent this settlement, it is likely that ultimately resolving this case would require further motions, possibly a number of trials, and almost certainly appeals. Not only will further litigation delay class members' relief for a significant period of time, but the ultimate resolution may conclusively deny them any relief.

Finally, the parties agree that the settlement is fair and reasonable. Class Counsel reach this conclusion based on their long track record of overseeing multiple class settlement. Likewise, Defendants do not oppose Plaintiffs' Motion for Final Approval.

Therefore, the Court finds that the class settlement is fair, reasonable, and adequate and should be approved, especially in the light of the monetary and injunctive relief benefiting the settlement class, the thorough discovery and investigation conducted by Class Counsel prior to settlement, and the complexity, expense, risks, and probable protracted duration of further litigation, including the risk presented by Defendants' asserted defenses, the risk of summary judgment, and the delays associated with the litigation process and an appeal.

IT THEREFORE IS ORDERED BY THE COURT THAT:

1.    The court has personal jurisdiction over the Plaintiffs and all Class Members and has subject matter jurisdiction to approve this Settlement Agreement;

2.    The court grants Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Doc. 222);

3.    The modified Settlement Class agreed to under the Settlement Agreement is finally approved and certified as it was under the Preliminary Approval Order;

4.      Bryce B. Bell, Jenilee V. Zentrich, Jeffrey M. Lipman, Gina Chiala, and Amy Sweeny Davis will continue to serve as Class Counsel;

5.      That settlement checks shall be sent to class members within sixty (60) days of this Order.

6.      The Settlement Agreement and the Final Approval Order and Judgment are binding upon, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Representative Plaintiffs and Member(s);

7.      According to Federal Rule of Civil Procedure 41(a)(2), the claims in this action are dismissed with prejudice;

8.      The court finds that the notice given to the Class Members under the Notice Plan: (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the final approval hearing, and of their right to seek relief; (c) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) complies in all respects with the requirements of Rule 23, due process, and all other applicable law;

9.      That Defendants are released from all Released Claims by the Settlement Class Members not otherwise excluded.

10.     The court authorizes the counsel of the parties, without further approval from the court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement as shall be consistent in all material respects with this Order and

Judgment and not limit the rights of the Settling Parties or Class Members; and containing such other and further provisions consistent with the terms of the Settlement Agreement to which the Settling Parties expressly consent in writing.

11.     The court, to the extent permitted by law, reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings, if any, concerning the administration, consummation, and enforcement of the Settlement, including the injunctive relief.

**IT IS SO ORDERED.**

Dated this ____ day of _____, 2024.

_____
**ERIC F. MELGREN**
**CHIEF UNITED STATES DISTRICT JUDGE**

8