IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD COE, LINDA SMITH, and EDWARD YOST, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROSS-LINES RETIREMENT CENTER, INC. and YOUNG MANAGEMENT CORP.,<br><br>Defendants. | Case No. 22-CV-2047-EFM-ADM |

**MEMORANDUM AND ORDER ON MOTION FOR REIMBURSEMENT OF LITIGATION EXPENSES, ATTORNEYS' FEES, AND SERVICE AWARDS**

This matter came before the Court on July 29, 2024 for a Fairness Hearing for final approval of a class settlement. The proposed settlement involved a Common Fund for class members in the total amount of $4,600,000.00. In connection with these matters, Class Counsel also filed a Motion for Reimbursement of Litigation Expenses, Attorneys' Fees, and Service Awards. Class Counsel request approval reimbursement of their litigation expenses and a fee award of one-third of the Common Fund, after deduction of litigation expenses. Class Counsel also request a service award for each Named Plaintiff in the amount of $5,000.00. Defendants do not oppose Plaintiffs' Motion.

### I. Legal Standard

Under Federal Rule of Civil Procedure 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."[1] Both Rule 23(h) and case authorities establish that the standard for setting the fee award is reasonableness.[2]

---

[1] Fed. R. Civ. P. 23(h).

1

The Court considers the reasonableness of the fee request under the percentage of the fund method in determining the award of attorneys' fees in common-fund cases.[3] This methodology calculates the fee as a reasonable percentage of the value obtained for the benefit of the class.[4] The Court analyzes the reasonableness of the fee request under the *Johnson* factors.[5] Not all *Johnson* factors will apply in every case.[6]

## II.     Analysis

Here, the fee request is authorized by the settlement, which the Court has approved in a separate order. Plaintiffs are requesting Class Counsel's attorneys' fees in the amount of $1,501,401.16, which is one-third of the net Common Fund.

### a.    The *Johnson* Factors

**Results Obtained (factor 8).** The Court finds that the result obtained deserves greater weight than the other *Johnson* factors.[7] Class Counsel obtained an extraordinary result for the class members. They obtained a cash settlement common fund of $4,600,000.00 and nearly as significant, injunctive relief to remedy the habitability issues. The issuance of such an injunction and the remedial actions required might well be even more meaningful to class members who would be expected to live in the facility now and in the future. Further, Class Counsel's efforts to make sure all class members can participate and receive funds has been exemplary.

---

[2] *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 453 (10th Cir. 1988); Fed. R. Civ. P. 23(h), advisory committee's note to 2003 amendment (providing that "reasonableness" is the customary measurement for common-fund fees).
[3] *See, e.g., Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017); *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994). Under the forum state's law, the percentage of the common fund approach is also used. *See Freebird, Inc. v. Cimarex Energy Co.*, 264 P.3d 500, 508 (Kan. Ct. App. 2011).
[4] *See Brown*, 838 F.2d at 454.
[5] *See id.* at 454-55 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).
[6] *See id.* at 453.
[7] *See Brown*, 838 F.2d at 453 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.") (quotations omitted).

**Customary Fee (factor 5).** Hourly rates of attorneys vary considerably based on the market. The hourly rates routinely applied by counsel in this case are well within the customarily charged rates in the Kansas City market. Likewise, the contractual fee agreement in this case provided for a contingent fee of 40%, which is within the customary range. In this case, Class Counsel has carefully factored in the overall expenses such that the net one-third contingent fee requested is both fair and customary.

**Whether the Fee is Fixed or Contingent (factor 6).** Plaintiffs and Class Counsel negotiated and agreed to prosecute this case based on a 40% contingent fee. This fee is the customary fee and represents the market rate.

**Awards in Similar Cases (factor 12).** Courts in this District have routinely held that one-third of the common fund is the usual fee award.[8]

**Novelty and Difficulty (factor 2).** The issues presented for class certification include very specific issues, such as duties owed and performed by apartment complex property management companies and owners, inspections performed by the facility's owners, impact of bed bugs on habitability and market value, and need for exterminations services, and are not issues routinely confronted in general practice and present specialized and detailed questions for attorneys representing the class. While not totally novel, they are issues which require specific experience and resources. The work done by Class Counsel, inspections and experts retained all reflect a high degree of recognition that this case involved a very specific, if not novel, set of issues.

**Experience, Reputation, and Ability of Counsel (factor 9).** The experience, reputation, and ability of Class Counsel in this case is remarkable. The declarations of Class Counsel outline an extraordinary degree of familiarity with similar class actions and, uniquely, with the issue of bed

---

[8] *See, e.g., In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 113-14 (D. Kan. 2018); *Nieberding*, 129 F. Supp. 3d at 1250; *KPH Healthcare Services, Inc. v. Mylan, N.V.*, No. 20-2065-DDC-TJJ, 2024 WL 3360499, at *4 (D. Kan. July 9, 2024) (collecting cases).

3

bug and other pest infestation. This specific experience, let alone reputations and ability of the lawyers, in this case is most impressive.

**Time and Labor (factor 1).** The declarations provided by Class Counsel represent that over 2,777 hours were expended by Class Counsel collectively working on this case.

**Preclusion of Other Cases (factor 4).** While Class Counsel did not provide specific information regarding preclusion of other cases, it stands to reason that a class action of this nature and the time expended would occupy a reasonable block of time by any attorney or firm thus impacting available resources and time to devote to other matters.

### b. Litigation Expenses

"As with attorney fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage."[9] Here, Class Counsel has incurred expenses in connection with prosecuting this matter in the amount of $91,287.80.[10] The Court finds these expenses were necessary to the successful conclusion of this matter.[11]

### c. Service Awards

Each of the Named Plaintiffs request a service award in the amount of $5,000.00. The time and dedication that an individual devotes to a lawsuit that inures to the common benefit of others warrants a service award above and beyond what the typical class member is receiving.[12] This Court has previously found that a service award "perform[s] the legitimate function of

---

[9] *Vaszlavik v. Storage Tech. Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) (citations omitted); Fed. R. Civ. P. 23(h) (authorizing the Court to reimburse counsel for "non-taxable costs that are authorized by law").
[10] CITE
[11] CITE
[12] *See, e.g., Tommey v. Computer Scis. Corp.*, No. 11-Cv-02214-EFM, 2015 WL 11070580, at *1 (D. Kan. May 27, 2015) (approving $5,000.00 service award to the named plaintiff; *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006) (approving a $5,000.00 service award to each named plaintiff); *Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *11 (D. Kan. July 14, 2009) (awarding a $5,000.00 service award to named plaintiff).

4

encouraging individuals to undertake the frequently onerous responsibility of [serving as the] named class representative."[13] The Court must "examine whether the award to [the class representative] can be justified as payment at a reasonable rate for reasonable time expended on services rendered that were helpful to the litigation and did not duplicate what could be performed less expensively by counsel."[14] "In determining the appropriateness of an incentive award to a class representative, the Court should consider the following three factors: (1) the actions the class representative took to protect the interests of the class; (2) the level of benefit that the class received from the class representative's actions; and (3) the quantity of time and effort the class representative spent in pursuing the litigation."[15]

Here, each of the Named Plaintiffs spent over two years pursuing these claims on behalf of themselves and the settlement class members. Class Counsel represented that each of the Named Plaintiffs contributed at least 100 hours of time in the course of the case answering discovery, preparing for and sitting for a full day deposition, meeting with their lawyers, etc.[16] Each of the Named Plaintiffs also turned down individual opportunities to settle their claims to continue pursuing the claims on behalf of the class members. Without the dedication and time of Named Plaintiffs, this matter would likely not have resolved as it did to the benefit of the class members, including rehabilitation to the property to remedy the alleged bed bug infestation.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reimbursement of Litigation Expenses, Attorneys' Fees, and Service Awards is granted.

**IT IS FURTHER ORDERED** that Class Counsel shall be reimbursed for litigation expenses in the amount of $91,287.80 from the Common Fund within ten (10) days of this Order.

---

[13] *Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1251 (D. Kan. 2015) (internal quotations and citations omitted).
[14] *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2017).
[15] *See Freebird, Inc. v. Cimarex Energy Co.*, 264 P.3d 500, 511 (Kan. 2001).
[16] Decl. of Bryce B. Bell ¶ 40.

**IT IS FURTHER ORDERED** that Class Counsel shall be awarded one-third of the Common Fund, after deduction of litigation expenses, in the amount of $1,501,401.16 from the Common Fund within ten (10) days of this Order.

**IT IS FURTHER ORDERED** that service awards of $5,000.00 shall be paid to each Named Plaintiff, for a total of $15,000.00, from the Common Fund within ten (10) days of this Order.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2024.

_____
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE